Per Curiam.

Judgment unanimously reversed and new trial ordered, with $30 costs to defendants to abide the event.
Plaintiff’s car was involved in a five-car collision and he brought this action against the owners of the other four vehicles to recover the damages he allegedly suffered as a result of their negligence. In his instructions to the jury, the court below charged, on the basis of his interpretation of the decision of the Court of Appeals in Dole v. Dow Chem. Co., (30 N Y 2d 143):
‘ ‘ Up until quite recently, in this State, any plaintiff who was suing in negligence had the burden of proving two things. He had to prove that the defendants were negligent, and he also had to prove that he, the plaintiff, was free from contributory negligence; that is, that he acted as a reasonably prudent person would have acted with respect to his own safety and that if there was any degree of contributory negligence on his part, he was out.
“ I am now charging you that if you find that the plaintiff in this case was contributorily negligent and that any of the defendants were negligent also you will treat him the same way you *961 were treating the defendants and apportion his degree of negligence, along with the defendants’.
“ In other words, if you find that he was injured as a result of any of the defendants’ negligence and his own negligence, you arrive at a sum of money — which I will go into a little bit later — and apportion it among the defendants and among the plaintiff.
‘ ‘ Let us assume, for instance, that you find the plaintiff was 50-percent contributorily negligent and the defendants were 50-percent contributorily negligent. You will only give him 50-percent recovery for what you estimate his damages are, because of his own contributory negligence.
‘ ‘ If you find that none of the defendants were negligent, you will find in favor of the defendants, completely, and forget about apportioning negligence.
11 If you feel that the plaintiff has not established his burden of proof with respect to all of the defendants, then forget about apportioning negligence, but if you find that any of the defendants were negligent, and that he also was negligent, then you will apportion negligence, the degree of negligence, by percentage and arrive at the verdict that way.”
The jury returned a unanimous verdict dismissing the complaint against two of the defendants, and it found that plaintiff was guilty of contributory negligence which contributed to the accident to the extent of 20%, and that the negligence of the two remaining defendants contributed to the accident to the extent of 40% each. After deducting 20% from the sum of $4,000 which the jury found was the extent of the damages sustained by plaintiff as a result of the accident, it awarded plaintiff $1,600 against each of the two remaining defendants.
It appears to us that while the Court of Appeals said in the Dole case (supra) and in Kelly v. Long Is. Light. Co. (31 N Y 2d 25) that the negligence of defendant tort-feasors and the damages are to be apportioned according to the degree of their fault and liability and regardless of whether their negligence may be considered “ active “ passive ”, 11 primary ” or “ secondary ”, the Court of Appeals did not say in either case that, in apportioning liability and damages between such tort-feasors, the trier of the facts should also apportion the degree of liability and damages which resulted from the plaintiff’s contributory negligence.
Since under the doctrine of stare decisis we and the lower court are required to follow, the existing decisions of the Court of Appeals (see n. 3, p. 29 of the Kelly case, supra) and it still *962 appears that despite the decisions in the Bole and Kelly cases (supra), a plaintiff’s contributory negligence in the slightest degree will bar recovery (see Codling v. Paglia, 32 N Y 2d 330; Gill v. Anderson, 39 A D 2d 941 [2d Dept.]), in our opinion, the court below committed reversible error in its instructions to the jury in this respect, to which timely objections were made on behalf of defendants. Consequently, the judgment appealed from should be reversed. However, in view of the fact that we are unable to determine to what extent the jury’s verdict may have been influenced by the erroneous instructions as to plaintiff’s possible contributory negligence, we believe that the interests of justice require a new trial.
Concur — ¡Schwartzwald, P. J., Rinaldi and Cone, JJ.